IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| VALERIE ROMAYNE RATLIFF, as personal representative for the Estate of Zachary Miles Asher, individually and as the next friend of ZANE MILES ASHER, and KHALEESI MAE ASHER, individually, and ALEXANDRA VILLA,<br><br>Plaintiffs,<br><br>vs.<br><br>CORECIVIC, INC.; WARDEN CHAD MILLER, in his individual capacity; OFFICER LUBIN, in his individual capacity; OFFICER PAYNE, in his individual capacity; OFFICER NELSON, in his individual capacity; OFFICER LAMBSON, in his individual capacity; OFFICER HEREDIA, JR., in his individual capacity; OFFICER VALENCIA, in his individual capacity; OFFICER MULITAUAOPELE, in his individual capacity; OFFICER PIKE, in his individual capacity; and OFFICER CALVIN, in his individual capacity,<br><br>Defendants. | Case No.: **1:22-cv-00256-SCY-CG** |

**DEFENDANTS' ANSWER TO COMPLAINT**

Defendants CoreCivic, Inc. ("CoreCivic"), Warden Miller, and Officer Heredia (collectively "Defendants")[1] for their Answer to Plaintiffs' Complaint deny each allegation and each claim for relief contained in Plaintiffs' Complaint which is not expressly admitted or otherwise pled to. Defendants admit, deny, and allege as follows:

**JURISDICTION AND VENUE**

1.     In answering Paragraph 1 of Plaintiffs' Complaint, Defendants removed this action and affirmatively allege that jurisdiction is proper in this Court because Plaintiffs have

---

[1] The remaining officers named in their individual capacities have not yet been served in this action, and these answering Defendants make no appearance on their behalf.

alleged claims pursuant to the United States Constitution, over which this Court has original jurisdiction, and Plaintiffs' state law claims are so related to the claims in this action over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution, such that this Court has supplemental jurisdiction over them. Defendants further affirmatively state that this Court is a proper venue for resolution of Plaintiffs' claims. By so admitting, Defendants do not admit the sufficiency or validity of the claims asserted in the Complaint, both of which are specifically denied.

2.   In answering Paragraph 2 of Plaintiffs' Complaint, Defendants repeat their response to Paragraph 1 of Plaintiffs' Complaint. By so admitting, Defendants admit neither the sufficiency of the allegations nor the validity of the claims, both of which are expressly denied.

3.   In answering Paragraph 3 of Plaintiffs' Complaint, Defendants deny the allegations.

4.   In answering Paragraph 4 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the allegations, and on that basis deny them.

5.   In answering Paragraph 5 of Plaintiffs' Complaint, Defendants removed this action and affirmatively state that this Court is a proper venue for resolution of Plaintiffs' claims. By so admitting, Defendants do not admit the sufficiency or validity of the claims asserted in the Complaint, both of which are specifically denied.

6.   In answering Paragraph 6 of Plaintiffs' Complaint, Defendants removed this action and affirmatively state that this Court is a proper venue for resolution of Plaintiffs' claims. By so admitting, Defendants do not admit the sufficiency or validity of the claims asserted in the Complaint, both of which are specifically denied.

**PARTIES**

7.   In answering Paragraph 7 of Plaintiffs' Complaint, Defendants admit only that Zachary Miles Asher was an inmate at Cibola County Correctional Center ("CCCC") at the time

of his death.  Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in this Paragraph, and on that basis deny them.

8. In answering Paragraph 8 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the allegations, and on that basis deny them.

9. In answering Paragraph 9 of Plaintiffs' Complaint, Defendants admit only that CoreCivic operated CCCC in Milan, New Mexico and that Warden Miller and the individually named Officer Defendants were employed by CoreCivic at CCCC at the time of the incident that forms the basis of Plaintiffs' lawsuit.  Defendants deny the remaining allegations.

10. In answering Paragraph 10 of Plaintiffs' Complaint, Defendants admit that Warden Miller was employed by CoreCivic as the Warden at CCCC and was acting within the course and scope of his employment at the time of the incident that forms the basis of Plaintiffs' lawsuit.  Defendants deny the remaining allegations.

11. In answering Paragraph 11 of Plaintiffs' Complaint, Defendants admit that the individually named Officer Defendants were employed by CoreCivic at CCCC at the time of the incident that forms the basis of Plaintiffs' lawsuit.  Defendants deny the remaining allegations.

## FACTUAL BASIS

12. In answering Paragraph 12 of Plaintiffs' Complaint, Defendants admit only that Asher was arrested and admitted to CCCC on February 27, 2018.  Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in this Paragraph, and on that basis deny them.

13. In answering Paragraph 13 of Plaintiffs' Complaint, Defendants deny the allegations.

14. In answering Paragraph 14 of Plaintiffs' Complaint, Defendants admit that Asher was housed in Unit 700-C, cell number 209 on February 18, 2019.

15. In answering Paragraph 15 of Plaintiffs' Complaint, Defendants admit that Asher signed an acknowledgement stating in part that "CoreCivic reserves the authority to monitor (this

includes recording) conversations on any telephone located within its institutions." Defendants deny the remaining allegations and specifically deny that Asher's phone calls were monitored prior to his death.

16. In answering Paragraph 16 of Plaintiffs' Complaint, Defendants deny the allegations.

17. In answering Paragraph 17 of Plaintiffs' Complaint, Defendants deny the allegations.

18. In answering Paragraph 18 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in this Paragraph, and on that basis deny them.

19. In answering Paragraph 19 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in this Paragraph, and on that basis deny them.

20. In answering Paragraph 20 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in this Paragraph, and on that basis deny them.

21. In answering Paragraph 21 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in this Paragraph, and on that basis deny them.

22. In answering Paragraph 22 of Plaintiffs' Complaint, Defendants admit only that the individual officer defendants were on duty at CCCC on the evening of February 18, 2019. Defendants deny the remaining allegations.

23. In answering Paragraph 23 of Plaintiffs' Complaint, Defendants admit the allegations.

24. In answering Paragraph 24 of Plaintiffs' Complaint, Defendants admit the allegations.

25. In answering Paragraph 25 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in this Paragraph, and on that basis deny them.

26. In answering Paragraph 26 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in this Paragraph, and on that basis deny them.

27. In answering Paragraph 27 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in this Paragraph, and on that basis deny them.

28. In answering Paragraph 28 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in this Paragraph, and on that basis deny them.

29. In answering Paragraph 29 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in this Paragraph, and on that basis deny them.

30. In answering Paragraph 30 of Plaintiffs' Complaint, Defendants admit the allegations.

31. In answering Paragraph 31 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in this Paragraph, and on that basis deny them.

32. In answering Paragraph 32 of Plaintiffs' Complaint, Defendants admit the allegations.

33. In answering Paragraph 33 of Plaintiffs' Complaint, Defendants deny the allegations.

34. In answering Paragraph 34 of Plaintiffs' Complaint, Defendants deny the allegations.

35. In answering Paragraph 35 of Plaintiffs' Complaint, Defendants admit the allegations.

36. In answering Paragraph 36 of Plaintiffs' Complaint, Defendants admit only that Officer Lubin stated in his report that he was told by an inmate that another inmate was trying to hang himself. Defendants deny the remaining allegations.

37. In answering Paragraph 37 of Plaintiffs' Complaint, Defendants admit only that Officer Lubin called the emergency in by radio. Defendants deny the remaining allegations.

38. In answering Paragraph 38 of Plaintiffs' Complaint, Defendants admit the allegations.

39. In answering Paragraph 39 of Plaintiffs' Complaint, Defendants admit that when medical staff responded, they observed that Inmate Asher was pale with no pulse and no spontaneous respirations. Nurse James noted in her incident statement that when Inmate Asher was transferred to the ambulance stretcher after the code had been called by a doctor at Cibola General Hospital, his nail beds were blue. Defendants deny the remaining allegations.

40. In answering Paragraph 40 of Plaintiffs' Complaint, Defendants deny that jail staff waited until after medical staff arrived to start performing CPR.

41. In answering Paragraph 41 of Plaintiffs' Complaint, Defendants deny the allegations.

42. In answering Paragraph 42 of Plaintiffs' Complaint, Defendants deny the allegations.

43. In answering Paragraph 43 of Plaintiffs' Complaint, Defendants admit the allegations.

44. In answering Paragraph 44 of Plaintiffs' Complaint, Defendants admit the allegations.

45. In answering Paragraph 45 of Plaintiffs' Complaint, Defendants admit the allegations.

46. In answering Paragraph 46 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in this Paragraph, and on that basis deny them.

47. In answering Paragraph 47 of Plaintiffs' Complaint, Defendants deny the allegations.

48. In answering Paragraph 48 of Plaintiffs' Complaint, Defendants admit only that a few inmates reported after Asher's death that he appeared to be upset by his wife cheating on him and his family not visiting him. Defendants deny that any of these concerns were reported prior to Asher's death. During the investigation, most of the inmates reported that they were unaware of any issues that Asher may have been having. Defendants deny the remaining allegations in this Paragraph.

49. In answering Paragraph 49 of Plaintiffs' Complaint, Defendants deny the allegations.

50. In answering Paragraph 50 of Plaintiffs' Complaint, Defendants deny the allegations.

51. In answering Paragraph 51 of Plaintiffs' Complaint, Defendants deny the allegations.

52. In answering Paragraph 52 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in this Paragraph, and on that basis deny them.

53. In answering Paragraph 53 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in this Paragraph, and on that basis deny them.

54. In answering Paragraph 54 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in this Paragraph, and on that basis deny them.

## COUNT I
## WRONGFUL DEAWTH BY ALL DEFENDANTS

55. In answering Paragraph 55 of Plaintiffs' Complaint, Defendants incorporate their responses to the preceding paragraphs as though fully set forth herein.

56. In answering Paragraph 56 of Plaintiffs' Complaint, Defendants admit only that Asher committed suicide while he was incarcerated at CCCC. Defendants deny the remaining allegations.

57. In answering Paragraph 57 of Plaintiffs' Complaint, Defendants deny the allegations.

58. In answering Paragraph 58 of Plaintiffs' Complaint, Defendants deny the allegations.

59. Paragraph 59 of Plaintiffs' Complaint contains a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations.

60. In answering Paragraph 60 of Plaintiffs' Complaint, Defendants deny the allegations.

61. In answering Paragraph 61 of Plaintiffs' Complaint, Defendants deny the allegations.

62. In answering Paragraph 62 of Plaintiffs' Complaint, Defendants deny the allegations.

63. In answering Paragraph 63 of Plaintiffs' Complaint, Defendants deny the allegations.

## COUNT II
## VIOLATIONS OF THE EIGHTH and/or FOURTEENTH AMENDMENTS BY ALL DEFENDANTS UNDER 42 U.S.C. § 1983

64. In answering Paragraph 64 of Plaintiffs' Complaint, Defendants incorporate their responses to the preceding paragraphs as though fully set forth herein.

65. Paragraph 65 of Plaintiffs' Complaint contains a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations.

66. In answering Paragraph 66 of Plaintiffs' Complaint, Defendants deny the allegations.

67. In answering Paragraph 67 of Plaintiffs' Complaint, Defendants deny the allegations.

68. In answering Paragraph 68 of Plaintiffs' Complaint, Defendants deny the allegations.

69. In answering Paragraph 69 of Plaintiffs' Complaint, Defendants deny the allegations.

70. In answering Paragraph 70 of Plaintiffs' Complaint, Defendants deny the allegations.

71. In answering Paragraph 71 of Plaintiffs' Complaint, Defendants deny the allegations.

72. In answering Paragraph 72 of Plaintiffs' Complaint, Defendants deny the allegations.

73. In answering Paragraph 73 of Plaintiffs' Complaint, Defendants deny the allegations.

74. In answering Paragraph 74 of Plaintiffs' Complaint, Defendants deny the allegations.

75. In answering Paragraph 75 of Plaintiffs' Complaint, Defendants deny the allegations.

76. Paragraph 76 of Plaintiffs' Complaint contains a legal conclusion, to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations.

77. In answering Paragraph 77 of Plaintiffs' Complaint, Defendants deny the allegations.

78. In answering Paragraph 78 of Plaintiffs' Complaint, Defendants deny the allegations.

79. In answering Paragraph 79 of Plaintiffs' Complaint, Defendants deny the allegations.

80. In answering Paragraph 80 of Plaintiffs' Complaint, Defendants deny the allegations.

## COUNT III
## LOSS OF CONSORTIUM AGAINST ALL DEFENDANTS

81. In answering Paragraph 81 of Plaintiffs' Complaint, Defendants incorporate their responses to the preceding paragraphs as though fully set forth herein.

82. In answering Paragraph 82 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the allegations in this Paragraph, and on that basis deny them.

83. In answering Paragraph 83 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the allegations in this Paragraph, and on that basis deny them.

84. In answering Paragraph 84 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the allegations in this Paragraph, and on that basis deny them.

85. In answering Paragraph 85 of Plaintiffs' Complaint, Defendants deny the allegations.

86. In answering Paragraph 86 of Plaintiffs' Complaint, Defendants deny the allegations.

87. In answering Paragraph 87 of Plaintiffs' Complaint, Defendants deny the allegations.

88. In answering Paragraph 88 of Plaintiffs' Complaint, Defendants deny the allegations.

89. In answering Paragraph 89 of Plaintiffs' Complaint, Defendants deny the allegations.

## PRAYER FOR RELIEF

In answering Plaintiffs' Request for Relief, Defendants deny all allegations of wrongdoing and deny that Plaintiffs are entitled to any of the relief they seek.

## AFFIRMATIVE DEFENSES

1. As a separate defense and in the alternative, Defendants allege that Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. As a separate defense and in the alternative, Defendants allege that part or all of Plaintiffs' claims are barred by the statute of limitations.

3. As a separate defense and in the alternative, Defendants allege that neither Inmate Asher nor Plaintiffs suffered any damage, injury or otherwise, as a result of the Defendants' alleged actions and/or inactions.

4. As a separate defense and in the alternative, Defendants allege that Inmate Asher's death was not caused by any wrongful act, neglect, or default on the part of any of the Defendants.

5. As a separate and alternative affirmative defense, Defendants allege that at all times material herein they acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

6. As a separate and alternative affirmative defense, Defendants allege that they were not negligent and did not breach any duty owed.

7. As a separate and alternative affirmative defense, Defendants allege that they did not violate the applicable standard of care

8. As a separate and alternative affirmative defense, Defendants allege that the actions or inactions alleged on the part of Defendants were not the proximate cause of any injuries, losses, and/or damages to Plaintiffs, thereby barring recovery.

9. As a separate and alternative affirmative defense, Defendants allege that Plaintiffs' injuries were proximately caused by an independent intervening or superseding cause for which they are not liable.

10. As a separate defense and in the alternative, Defendants allege that they were not deliberately indifferent to Inmate Asher's serious medical or mental health needs.

11. As a separate defense and in the alternative, Defendants allege that they did not disregard a substantial risk of serious harm to Inmate Asher.

12. As a separate defense and in the alternative, Defendants allege that they were not aware of and did not disregard a significant risk that Inmate Asher would commit suicide.

13. As a separate defense and in the alternative, Defendants allege that it was not foreseeable that Inmate Asher would commit suicide.

14. As a separate defense and in the alternative, Defendants allege that they were not deliberately indifferent to their supervisory responsibilities with regard to prevention of suicide at CCCC.

15. As a separate and alternative affirmative defense, Defendant CoreCivic alleges that it exercised reasonable care in hiring, retaining, supervising, and training its employees at CCCC.

16. As a separate defense and in the alternative, Defendants allege that none of the acts or failures of Defendants, as alleged in the Complaint and which are specifically denied, state a cause of action for punitive damages.

17. As a separate defense and in the alternative, Defendants allege that there existed no conduct in this case motivated by an evil motive or intent, nor any conduct involving reckless or callous indifference to the rights of Inmate Asher or of Plaintiffs, thereby precluding an award of punitive damages.

18. As a separate defense and in the alternative, Defendants allege that Plaintiffs are not entitled to the compensatory damages sought.

19. As a separate defense and in the alternative, Defendants allege that, upon information and belief, Plaintiffs did not have a close relationship with Inmate Asher at the time of his death, thereby reducing or precluding them from recovering any award for damages for loss of consortium.

20. As a separate defense and in the alternative, Defendants allege that they are entitled to all privileges and immunities existing under federal and New Mexico law.

21. Although Defendants do not have specific facts in support of their remaining defenses at this time, Defendants reserve the right to assert the following affirmative defenses pursuant to Fed. R. Civ. P. 8 and 12 should subsequent discovery disclose facts in support of them, including but not limited to: laches, res judicata, estoppel, and waiver.

**WHEREFORE**, Defendants respectfully request that:

A. Plaintiffs' Complaint be dismissed with prejudice, and that Plaintiffs take nothing therein;

B. Defendants be awarded their costs, expenses, and attorneys' fees; and

C. Defendants be awarded such other and further relief as this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Defendants demand a jury trial on all triable issues.

///

///

///

13

Dated: April 11, 2022  /s/ Jacob B. Lee
Daniel P. Struck, AZ Bar No. 012377
Jacob B. Lee, NM Bar No. 154613
Anne M. Orcutt, AZ Bar No. 029387
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
Tel: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
jlee@strucklove.com
aorcutt@strucklove.com

Deborah D. Wells
Debra J. Moulton
KENNEDY, MOULTON & WELLS, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
Tel.: (505) 884-7887
Fax: (505) 884-7123
ddwells@kmwpc.com
dmoulton@kmwpc.com

*Attorneys for Defendants CoreCivic, Inc., Warden Miller, and Officer Heredia*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Nicholas T. Hart
Carter B. Harrison, IV
Ramon A. Soto
Daniel J. Gallegos
HARRISON & HART, LLC
924 Park Avenue SW, Ste. E
Albuquerque, NM 87102
nick@harrisonhartlaw.com
carter@harrisonhartlaw.com
ramon@harrisonhartlaw.com
daniel@harrisonhartlaw.com

*Attorneys for Plaintiffs*

/s/ Jacob B. Lee